# FRIBERG *v.* COX.

## (*Knoxville.* October 31, 1896.)

1. BANKS AND BANKING. *Title to deposited check passes to bank, when.*

The relation of debtor and creditor is established between a bank and a depositor therein of a check, where such check is delivered to and accepted by the bank as cash, and treated as such, and so charged up to the bank to which it was sent for collection, and the former bank gave therefor to the depositor a specified amount in cash and a certificate of deposit, and credit to her husband's firm, at her request, for the balance, and neither the depositor nor such firm can follow up the check or its proceeds, where the bank becomes insolvent. (*Post, pp. 551–553.*)

Cases cited and approved: Aiken *v.* Jones, 93 Tenn., 353; Sayles *v.* Cox, 95 Tenn., 579; Williams *v.* Cox, *post*, p. 555.

2. SAME. *Right to reclaim deposited check from insolvent bank lost, when.*

The right to follow and reclaim a check received for deposit by a bank after it is insolvent to the knowledge of its officers, is lost where, before the bank fails, another bank, to which it is sent for collection, credits the check to the former bank. (*Post, pp. 553, 554.*)

Cases cited and approved: Aiken *v.* Jones, 93 Tenn., 353; Sayles *v.* Cox, 95 Tenn., 579.

3. SAME. *Presumption as to relative dates of failure and entry of credit.*

In the absence of proof to the contrary, it will be presumed in favor of the creditors of an insolvent bank that its failure occurred after the entry of a credit by its correspondent for a deposited check sent for collection and credit, where both the

Friberg *v.* Cox.

entry of the credit and the failure occurred on the same day. (*Post, p. 554.*)

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

CRUMLEY & CRUMLEY and BURROW BROS. for Friberg.

FAW & COX for Cox.

WILKES, J.    This is a suit to recover from defendant, as receiver of the First National Bank of Johnson City, the proceeds of a check for $1,282.50. The Chancellor granted the relief prayed and defendant appealed.    The cause has been heard by the Court of Chancery Appeals, and that Court reversed the decree of the Chancellor and dismissed complainants' bill, and they have appealed and assigned errors.

The facts are that the check in controversy was drawn by William- L. Taylor & Son, of Lafayette, Ind., on the Chase National Bank of New York, payable to Mrs. Friberg, and was indorsed by her, and delivered to the Johnson City bank on November 9, 1894.    In return for the check, she received from the bank $41.77 in cash, $175 in a certificate of deposit payable to her order, and $1,065.73 in

a credit to the account of Ward & Friberg, being the balance of the check. This latter amount she had previously agreed to lend to the firm of Ward & Friberg, composed of her husband and one Ward. The Court of Chancery Appeals say that the bank was at the time of the transaction hopelessly insolvent, and that fact must have been known by the officers of the bank. Mrs. Friberg states that she deposited the check "for collection," but no notice to that effect was given to the officers of the bank. The check was sent the same day it was deposited by the Johnson City bank to the Southern National Bank of New York, its regular correspondent, and was credited as cash to the Johnson City bank on November 12, 1894, whether before or after noon does not appear. The Johnson City bank failed and ceased to do business at noon on November 12, 1894, and defendant, Cox, is its receiver. The Court of Chancery Appeals finds as facts that the check was delivered to and accepted by the Johnson City bank as cash; that it was treated as cash, and so charged up to the New York bank; that, so far as complainant is concerned, it simply bought the check and made it its own property; that it gave for it the cash, the certificate of deposit, and the credit to Friberg & Ward, and that these matters were all understood to be the same as cash. In such case, in the absence of anything more, the customer cannot follow up the check or its proceeds as his own property, but the relation of debtor and cred-

itor is established by such transaction, and the customer and his assignee have merely demands against the bank upon their certificates of deposit and credit on the books. *Aiken* v. *Jones*, 9 Pick., 353; *Sayles* v. *Cox*, 11 Pick., 579; *Williams* v. *Cox*, *post*, p. 555; Morse on Banking, Sec. 568 and subsections.

But it is said that the bank officials were guilty of fraud in the transaction, and that Mrs. Friberg, in consequence and by reason of this fraud, has a right to reclaim the amount of the check out of the funds which the receiver collected from the New York bank after he took charge. It appears that when the Johnson City bank failed, the New York bank owed it $5,644.67, which it afterwards paid to the receiver, except a balance of $771.62. The theory of complainants is, that they have traced the proceeds of their check into the fund that was due the Johnson City bank from the New York bank, even if it cannot be further separated and identified, and, having done so, and that fund having been paid over to the receiver of the Johnson City bank after he took charge, they have a right to reclaim the amount of their check (less the cash paid them), out of this fund. This right of reclamation unquestionably exists where the fund has been kept separate and can be identified. *Craigie* v. *Hadly*, 52 Am. Rep., 11. But when it can only be traced into a general mass or fund, the question is more difficult. But we think the case must turn

on another point. If the check had been credited to the Johnson City bank by the New York bank before the former failed, then the right to follow and reclaim it was lost. *Aiken* v. *Jones*, 9 Pick., 353; *Sayles* v. *Cox*, 11 Pick., 579.

Here the credit by the New York bank and the failure of the Johnson City bank occurred the same day, and it does not appear which occurred first in point of time. Under this state of facts, we must presume, in the absence of proof, and in favor of the other creditors of the bank, that the credit was given and entered before the bank failed. This being so, the right to reclaim the proceeds of the check must be considered as lost, and the decree of the Court of Chancery Appeals must be affirmed.